CITY OF NICHOLS HILLS, Appellant,

v.

Dr. Emil FARRIS, Appellee.

No. S-90-689.

Court of Criminal Appeals of Oklahoma.

Sept. 14, 1990.

ORDER

Appellant has filed with this Court a motion to file a standard brief in the above styled and numbered cause, which was automatically placed on the Accelerated Docket of this Court pursuant to Rule 11.2(a)(1). *See* 22 O.S.Supp.1990, Ch. 18, App., *Rules of the Court of Criminal Appeals.* Appellant also seeks an interpretation of Rule 11.5(a). Specifically, appellant asks this

Court to delineate whether Rule 11.5(a) applies to parties who have automatically been placed on the Accelerated Docket.

Rule 11.5(a) states in pertinent part:

The forms promulgated by Sections C, D, and E of this Rule are to be used as an application or a petition in error as it relates to the Accelerated Docket procedure.

\* \* \* \* \* \*

(1) These forms (Rule 11.5 c, d and e) ... are to be used in lieu of filing a brief by the appellant or appellee in the ordinary course of the appeal. Such accelerated filing by both the appellant and appellee waives their rights to the standard appeal procedure and their rights to use briefs therein.

Apparently, the confusion surrounding Rule 11.5 arises from the titles of the forms in Sections D and E. Those forms are respectively entitled *"Application* for Accelerated Docket—Fast Track" and "Response to *Application* for Accelerated Docket—Fast Track." (emphasis added). Appellant avers that neither the City of Nichols Hills nor the appellee filed an application for the instant case to be placed on the Accelerated Docket. Although the city does not object to so being placed, it argues that it never intended to relinquish its right to file a standard brief.

We answer appellant's question in the affirmative and hold that any party who is assigned to the Accelerated Docket of this Court and fails to object to such assignment is deemed to have waived its right to file a standard appellate brief. Notwithstanding the titles of the forms set forth in Sections D and E, a review of the text of these forms reveals that they are to be used as summary briefs. They are not simply applications for and objections to being placed on the Accelerated Docket. Furthermore, Rule 11.5(a)(1) specifically states that "[t]hese forms ... are to be used in lieu of filing a brief...."

In an alternative motion, appellant asks this Court to consider the standard briefs which have already been filed with the Clerk of this Court. After reviewing appellant's motion, and upon a determination that extraordinary circumstances have been demonstrated, we hold that appellant's alternative motion should be, and the same hereby is, GRANTED.

IT IS SO ORDERED.

/s/ Ed Parks
ED PARKS,
PRESIDING JUDGE
/s/ James F. Lane
JAMES F. LANE,
VICE PRESIDING JUDGE
/s/ Tom Brett
TOM BRETT,
JUDGE
/s/ Gary L. Lumpkin
GARY L. LUMPKIN,
JUDGE
/s/ Charles A. Johnson
CHARLES A. JOHNSON,
JUDGE